UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: MICHEAL IBUOS and
PAMELA DAVIS IBUOS,

    Debtors.
_____

MICHEAL IBUOS and
PAMELA DAVIS IBUOS,

    Appellants,

v.                                                     Case No. 3:09-cv-1132-J-12
                                                      Case No. 3:03-bk-06237-JAF
                                                      Adv.Pro.No.3:07-ap-00264-JAF

EQUITY ONE, INC. and
NATIONAL CAPTIAL MANAGEMENT, LLC,

    Appellees.
_____

## OPINION AND ORDER

    This case presents an appeal pursuant to 28 U.S.C. § 158(a) and Rule 8001 of the Federal Rules of Bankruptcy Procedure, of an order from the United States Bankruptcy Court for the Middle District of Florida. On November 18, 2009, the Bankruptcy Court entered its Order Denying Debtors' Motion for Summary Judgment and Granting National Capital Management's Motion for Summary Judgment ("Order") (Doc. 1-3).[1] That same

---

[1] The entire record on appeal was submitted to this Court electronically and is found at Document 1 in the record of this Court. In citing to the record on appeal, the Court uses the Document number that appears at the top of each printed page of a document, "Doc. 1-x." In order to locate a document on the electronic record, one must go to Document 1 on the docket and look for attachment number x. For example, the Court cites the Bankruptcy Court's Order Denying Debtors' Motion for Summary

date, the Bankruptcy Court entered Judgment in favor of National Capital Management, LLC ("National Capital") (Doc. 1-4).

## FACTS AND PROCEDURAL HISTORY

This appeal arises out of a Chapter 11 proceeding involving Debtors, and specifically, an adversary proceeding initiated by Debtors against National Capital[2] on October 11, 2007, seeking relief for alleged violations of the automatic stay (11 U.S.C. § 362) and discharge provisions (11 U.S.C. § 524) of the Bankruptcy Code. The Bankruptcy Court granted National Capital's motion for summary judgment finding that no genuine issue of material fact precluded finding that as a matter of law, National Capital's actions had not violated either the automatic stay or discharge provisions. See Doc. 1-3.

## ANALYSIS

Appellants raise two issues on appeal: 1) whether the Bankruptcy Court erred in finding that National Capital's filing of a UCC-3 Continuation Statement did not violate the automatic stay provision; and 2) whether the Bankruptcy Court erred in finding that National Capital's failure to release its lien until approximately 15 months after the Debtors' discharge and after they initiated their adversary proceeding did not constitute a discharge violation. The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Colortex Industries, Inc., 19 F.3d 1371, 1374 (11th Cir. 1994). This Court reviews de novo the legal conclusions of the

---

Judgment and Granting National Capital Management's Motion for Summary Judgment as Doc. 1-3, which is the document number that appears at the top of the printed page. That document, Doc.1-3, is found in the electronic record of this Court as Document 1, at attachment 3.

[2] National Capital is the successor in interest to Appellee Equity One, Inc.

Bankruptcy Court, In re JLJ, Inc., 988 F.2d 1112, 1113 (11th Cir. 1993), and accepts the Bankruptcy Court's findings of fact unless they are clearly erroneous, In re Goerg, 930 F.2d 1563, 1566 (11th Cir. 1991); Bankr. Rule 8013. The Court reviews the Bankruptcy Court's grant of summary judgment de novo. See, e.g., In re: Kingsley, 518 F.3d 874, 876 (11th Cir. 2008). Both issues presented on appeal concern the Bankruptcy Court's application of law to undisputed facts.[3]

The Court has carefully reviewed the briefs submitted by the parties as well as the applicable law, considered the argument of counsel presented at oral argument held on February 25, 2010, and reviewed the entire record on appeal. The Court will adopt and incorporate herein the Bankruptcy Court's Order (Doc. 1-3), and will not repeat the recitation of the facts or analysis contained therein, but will add some analysis below. For the reasons set forth below, as well as for those set forth in the Bankruptcy Court's Order (Doc. 1-3), the Court will affirm the Bankruptcy Court's Order and Judgment (Docs. 1-3 and 1-4).

With regard to National Capital's alleged violation of the automatic stay, the Bankruptcy Court did not find that the UCC-3 Continuation Statement was untimely filed, but rather that whether timely filed or not, the filing of a continuation statement did not violate the automatic stay because it was covered by an exception to the automatic stay

---

[3] The Court notes that the parties discuss several disputed factual matters in their briefs, such as whether National Capital's UCC-3 Continuation Statement was timely filed and whether Debtors paid in full the secured portion of National Capital's claim. The Bankruptcy Court made no factual findings with regard to these matters, and the facts upon which the Bankruptcy Court relied in making its decision were undisputed. The Court is of the opinion that factual findings with regard to these disputed matters were unnecessary and would not change the correctness of the legal conclusions reached by the Bankruptcy Court.

(11 U.S.C. § 362(b)(3)). Doc. 1-3 at pp. 4-6. The Court agrees.

The automatic stay protects a debtor from its prepetition creditors by stopping collection efforts, harassment, and foreclosure actions while permitting the debtor to attempt a repayment or reorganization plan, and protects all creditors by ensuring that the estate will be preserved against attempts by other creditors to gain unfair advantage with respect to payment of claims. See, e.g., Matter of Garofalo's Finer Foods, Inc., 186 B.R. 414, 435 (N.D.Ill.,1995)(and citations therein). Therefore, the purpose of the automatic stay is to maintain the status quo between debtors and creditors at the time of the bankruptcy filing and to prevent creditors from gaining an unfair advantage over the debtor or other creditors.

Certain types of filings are excepted as violations of the automatic stay because they do not implicate the policy concerns addressed by the protection provided by the automatic stay. The filing of UCC-3 Continuation Statements by a secured creditor under Florida law clearly fall into such exception. There is no indication that National Capital gained any type of unfair advantage vis a vis the Debtors or other creditors in this case by their filing, whether timely or untimely. National Capital was and remained a secured creditor throughout the Debtors' bankruptcy proceedings, and the filing of the UCC-3 Continuation Statement whether effective or ineffective did nothing to change its status or that of the Debtors. As a result, the Court cannot find that the Bankruptcy Court erred as a matter of law in concluding that National Capital did not violate the automatic stay.

With regard to National Capital's failure to release its lien until approximately 15 months after the Debtors' discharge and after the Debtors initiated their adversary proceeding, the Bankruptcy Court noted that the "mere act of refusing to release a lien,

even if invalid, does not violate the discharge injunction absent an attempt to enforce the lien, a violation of a court order, or an intent to collect the debt," none of which Debtors had offered evidence to support. Doc. 1-3 at pp. 6-7. Bankruptcy discharge provisions do not require creditors to release their liens within any specified amount of time, but do prohibit them from affirmatively seeking to collect those debts after discharge. Similarly the Bankruptcy Court's discharge order does not direct creditors to release their liens. There is no indication in the record that National Capital ever attempted to enforce its lien after discharge, or that it refused to release its lien after request by Debtors, but shows that it agreed to release its lien after being notified that Debtors sought its release by virtue of the filing of the adversary proceeding and in fact did release the lien.[4] Cf., e.g., In re: Pratt, 462 F.3d 14, 20 (1st Cir. 2006)(creditor's refusal to release lien after debtors' request unless debtors paid loan balance in full was a discharge violation); In re: Russell, 378 B.R. 735, 741 (Bankr. E.D.N.Y. 2007)(debtor's allegation that creditor's deliberate refusal to correct information after repeated requests was for the purpose of coercing payment of a discharged debt was sufficient to survive a motion to dismiss charge of violating the automatic stay). On the undisputed facts in the record, the Court cannot find that the Bankruptcy Court erred as a matter of law in concluding that National Capital did not violate the discharge injunction.

---

[4] At oral argument, Debtors maintained that it was National Capital's standard practice not to release its liens after a debtor's discharge in order to hold the property hostage and coerce the debtor into satisfying the lien rather than file an adversary proceeding. No evidence of this alleged standard practice appears in the record.

5

## CONCLUSION

The Court adopts and incorporates herein the attached Order Denying Debtors' Motion for Summary Judgment and Granting National Capital Management's Motion for Summary Judgment (Doc. 1-3) and the decision of the Bankruptcy Court (Docs. 1-3 and 1-4) is AFFIRMED as to the issues presented on appeal for the reasons set forth herein.

**DONE AND ORDERED** this ___28th___ day of April 2010.

*Howell W. Melton*
SENIOR UNITED STATES DISTRICT JUDGE

c:

Clerk, United States Bankruptcy Court, Middle Dist. of Fla.
Hon. Jerry A. Funk, United States Bankruptcy Judge
Counsel of Record

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

MICHAEL IBUOS and PAMELA
DAVIS IBUOS,

Case No. 3:03-bk-06237-JAF
Chapter 13

Debtors.
_____/

MICHAEL IBUOS and PAMELA
DAVIS IBUOS,

Plaintiffs,

Adv. Pro. No. 3:07-ap-00264-JAF

vs.

EQUITY ONE, INC. and NATIONAL
CAPITAL MANAGEMENT, LLC,

Defendants.
_____/

## ORDER DENYING DEBTORS' MOTION FOR SUMMARY JUDGMENT AND GRANTING NATIONAL CAPITAL MANAGEMENT LLC'S MOTION FOR SUMMARY JUDGMENT

This proceeding came before the Court on the (i) Motion for Summary Judgment as to Liability on Counts I and II of Complaint (Doc. No. 32) filed by Michael Ibuos and Pamela Davis Ibuos, the Plaintiffs and Debtors herein ("Debtors"), requesting summary judgment on their Complaint (Doc. No. 1); (ii) the Motion for Summary Judgment (Doc. No. 33) filed by Defendant National Capital Management, LLC ("National Capital"). Upon a review of the pleadings and the applicable law, the Court finds it appropriate to deny Debtors' Motion for Summary Judgment and grant National Capital's Motion for Summary Judgment. The following facts are undisputed.

1

## Undisputed Facts

Around May 2002, Debtors bought an air conditioning unit and financed the purchase through a loan obtained from Equity One, Inc. ("Equity One"). On May 13, 2002, Equity One recorded a UCC-1 financing statement evidencing Equity One's security interest in the air conditioning unit.

On June 19, 2003, Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. (Main Case Doc. No. 1). As of the petition date, Debtors owed Equity One approximately $1,521.42 on the air conditioning unit. Equity One filed a secured proof of claim for $1,521.42 on July 2, 2005, which was designated as Claim No. 2. On November 26, 2003, Debtors filed their Amended Chapter 13 Plan (Main Case Doc. No. 27) (the "Plan").[1] On March 23, 2004, the Court entered an Order Confirming Chapter 13 Plan Allowing Claims and Directing Distribution. (Main Case Doc. No. 47).

On November 17, 2004, National Capital acquired Equity One's claim pursuant to an Asset Purchase Agreement dated July 14, 2004 between Equity One and National Capital. On November 17, 2004, National Capital recorded a UCC-3 Assignment Statement and a UCC-3 Continuation Statement (the "Continuation Statement"). On November 6, 2006, Equity One and National Capital filed a Joint Notice of Transfer of Claim pursuant to Federal Rule of Bankruptcy Procedure 3001(E)(2) and Waiver of Opportunity to Object (Main Case Doc. No. 61), which notified Debtors of National Capital's acquisition of Equity One's claim and security interest.

On March 7, 2007, the Court entered a Discharge of Debtor After Completion of Chapter 13 Plan (Main Case Doc. No. 67) (the "Discharge Order"). On October 11, 2007, Debtors initiated

---

[1] Simultaneously with their filing of the Plan, Debtors filed a Motion to Value Secured Claim No. 2 of Equity One (Main Case Doc. No. 30) (the "Motion to Value Secured Claim"). The Motion to Value Secured Claim sought to value the air conditioning unit at $250.00 and the Plan proposed to pay $250.00 to Equity One in equal monthly installments with interest at the rate of 8% per annum for a period of 42 months. Equity One did not file a response to the Motion to Value Secured Claim. On December 19, 2003, the Court entered an Order Granting Motion to Value Secured Claim No. 2 (Main Case Doc. No. 38), valuing Equity One's claim at $250.00.

2

this adversary proceeding by filing the Complaint for Automatic Stay and/or Discharge Violation (Doc. No. 1), seeking damages and attorney's fees for alleged violations of the automatic stay and the discharge injunction. However, Debtors inadvertently served the original Complaint on an incorrect defendant. A default judgment was entered and the adversary proceeding was closed on February 29, 2008. Debtors subsequently discovered their error and on May 28, 2008, filed a Motion to Reopen Adversary Case to Correct Harmless Error in Judgment and for Leave to Amend Complaint by Interlineation. (Doc. No. 19).

On June 2, 2008, National Capital recorded a UCC-3 Termination Statement (the "Termination Statement"), terminating National Capital's security interest in Debtors' air conditioning unit. On June 18, 2008, the Court entered an Order Granting Plaintiff's Motion to Reopen Adversary Case to Correct Harmless Error in Judgment and for Leave to Amend Complaint by Interlineation (Doc. No. 21), and deemed the Amended Complaint to be filed as of June 18, 2008. On July 9, 2008, National Capital filed its Answer to the Amended Complaint (Doc. No. 26), denying all material allegations.

On May 22, 2009, Debtors filed their Motion for Summary Judgment as to Liability on Counts I and II of Complaint (Doc. No. 32), requesting summary judgment on their Complaint (Doc. No. 1). On June 5, 2009, National Capital filed its Motion for Summary Judgment (Doc. No. 33).

### Summary Judgment Standard

Both Debtors and National Capital seek summary judgment as to National Capital's liability pursuant to Federal Rule of Civil Procedure 56(c). Granting summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2007). The

moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The non-moving party, after a movant makes a properly supported summary judgment motion, must establish specific facts showing the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(e). The non-moving party may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A court determining entitlement to summary judgment must view all evidence and make reasonable inferences in favor of the party opposing the motion. Hayes v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995).

### Application to Instant Case

The two counts set forth in the Amended Complaint respectively allege that: (i) National Capital's filing of the Continuation Statement violated the automatic stay; and (ii) National Capital violated the discharge injunction by not terminating its security interest immediately upon entry of the Discharge Order.

Count I: Alleged Automatic Stay Violation. Debtors argue National Capital's filing of the Continuation Statement violated Bankruptcy Code Section 362(a)(4), which stays "any act to create, perfect, or enforce any lien against property of the estate", and Section 362(a)(5), which stays "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case..."

National Capital responds that Section 362(b)(3) provides an exception from the automatic stay for the filing of continuation statements. Specifically, Section 362(b)(3) excludes from the stay "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) [of

the Code]. . ." Section § 546(b) provides, in relevant part, that a trustee's rights and powers are subject to any generally applicable law that "provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation." 11 U.S.C. § 546(b)(1)(B).

Section 362(b)(3)'s exception permits a creditor to continue a lien against a debtor without violating the automatic stay, if there is a state law providing for (i) maintenance or continuation of perfection of a lien on property (ii) that is effective against a lienholder (iii) who obtains an interest in the property before action is taken to maintain or continue perfection. In re Hayden, 308 B.R. 428, 432 (9th Cir. BAP 2004). In other words, "[§] 362(b)(3) permits filing of the continuation statement [under the UCC], which enables the creditor to assure its continued perfection." Toranto v. Dzikowski, 380 B.R. 96, 100 (S.D. Fla. 2007) (citing 3 Collier on Bankruptcy ¶ 362.05, at 362-55 (15th Rev. Ed. 2007)).

Debtors argue the reference to "generally applicable law" in Section § 546(b) necessitates an analysis of Fla. Stat. § 679.515, which states that "a filed financing statement is effective for a period of 5 years. . ." and "[a] continuation statement may be filed only within 6 months before the expiration of the 5-year period. . ." Fla. Stat. § 679.515(1),(4). Equity One filed the original financing statement in May, 2002, and National Capital filed the Continuation Statement in November, 2004. National Capital's filing of the Continuation Statement was not within the "6 months before the expiration of the 5-year period" provided by Fla. Stat. § 679.515(4). Hence, Debtors argue the filing of the Continuation Statement was not effective and thus not protected by Section 362(b)(3)'s exception to the automatic stay.

5

The Court disagrees with Debtors' argument. It is clear Section 362(b)(3) operates to permit a secured creditor to file a continuation statement despite the automatic stay.[2] The Court has found no persuasive case law, legislative history, or other commentary indicating that the mere untimely filing of a continuation statement renders Section 362(b)(3)'s exception meaningless. Consequently, regardless of whether or not the Continuation Statement was timely-filed, the Court will not impose liability on National Capital for a violation of the automatic stay.

<u>Count II: Alleged Discharge Violation</u>. Debtors argue National Capital's failure to terminate its security interest immediately upon entry of the Discharge Order violated Bankruptcy Code Section 524(a)(2), which "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . ." Debtors do not claim National Capital took any affirmative steps towards enforcing its security interest or collecting any debt. Debtors also do not claim that, upon being requested by Debtors to release its lien, National Capital refused to do so. Debtors simply claim National Capital failed to terminate its security interest immediately upon entry of the Discharge Order.

Bankruptcy courts have held that Section 524 "require[s] some affirmative collection efforts on the part of the creditor in order [to violate the] discharge injunction." In re Dendy, 396 B.R. 171, 179 (Bankr. D.S.C. 2008). "The mere act of refusing to release a lien, even if invalid, does not violate the discharge injunction absent an attempt to enforce the lien, a violation of a court order, or an intent to collect the debt." In re Casarotto, 407 B.R. 369, 377 (Bankr. W.D. Mo. 2009) (citing Dendy, 396 B.R. at 183).

---

[2] In fact, subsequent revisions to the U.C.C. establish a creditor "must file a timely continuation statement if it wishes to maintain perfection and to preserve the priority position established by its initial financing statement." See G. Ray Warner, <u>Lien on Me: Continuing Perfection During Bankruptcy Under Revised Article 9</u>, Am. Bankr. Institute J., April 2001, at 22.

There may be cases in which a deliberate act of omission may constitute a violation of the stay when a creditor fails to cure a previous violation or otherwise restore the status quo (In re Banks, 253 B.R. 25 (Bankr. E.D.Mich. 2000)), but such cases typically involve a creditor's obligation to take whatever action necessary to stop or reverse ongoing litigation or collection efforts. Count II involves neither the automatic stay nor ongoing litigation or collection efforts. Put plainly, "[t]he failure to release a lien is simply not within the proscription of § 524(a)(2)." In re Weichmann, 2001 WL 1836189, *3 (Bankr. N.D.Ill. 2001). Consequently, the Court will not impose liability on National Capital for the alleged discharge violation.

## Conclusion

National Capital has established no genuine issues of material fact exist and National Capital is entitled to judgment as a matter of law. Debtors have not established specific facts showing the existence of a genuine issue of fact for trial. Summary judgment as to National Capital's liability on Counts I and II is due to be granted in favor of National Capital. Upon the foregoing, it is

ORDERED

1. Debtors' Motion for Summary Judgment is denied.

2. National Capital's Motion for Summary Judgment is granted.

3. The Court will enter a separate judgment consistent with this Order.

DATED this 30 day of September, 2009 in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge